| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

D H H, A MINOR STUDENT WITH §
DISABILITIES, BY AND WITH AND §
THROUGH HER §
PARENT/GUARDIAN/NEXT FRIEND §
ROB ANNA H; AND ROB ANNA H., §
PARENT/GUARDIAN/NEXT FRIEND §
TO D.H.H., A MINOR STUDENT WITH § CASE NO. 1:18-CV-00120-MAC
DISABILITIES, §
    Plaintiffs §
 §
*versus* §
 §
KIRBYVILLE CONSOLIDATED §
INDEPENDENT SCHOOL DISTRICT, §
    Defendant. §

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS
## TO REPORT AND RECOMMENDATION

This case is assigned to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. On July 12, 2019, Judge Hawthorn entered a report (Doc. No. 68) which recommended denying Plaintiff D.H.H., a minor student with disabilities, and her parent/guardian/next friend Rob-Anna H.'s (collectively, Plaintiffs) "Motion for Summary Judgment" (Doc. No. 44) and granting Defendant Kirbyville Consolidated Independent School District's (KCISD) "Motion for Summary Judgment. Doc. No. 45. On July 26, 2019, Plaintiffs timely filed objections to the report. Doc. No. 69. On August 9, 2019, KCISD timely filed its response to Plaintiffs' objections.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to

which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiffs raise objections to each of Judge Hawthorn's conclusions in his report. First, Plaintiffs object to the conclusion that D.H.H. does not qualify under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.*, for special education and that KCISD did not violate its child find duty. In turn, Plaintiffs state that this caused three errors. Specifically, Plaintiffs argue that to properly determine eligibility under the IDEA, one only considers the information available to the committee at the time of the decision. Doc. No. 69, at 5 (citing *Lisa M. v. Leander Indep. Sch. Dist*., 924 F.3d 205 (5th Cir. 2019)). Yet, the information before the Special Education Hearing Officer (SEHO), particularly Plaintiff's expert's report, was utilized by Judge Hawthorn to determine D.H.H.'s eligibility under the IDEA.[1] This is the same information available to the committee and what was used to determine D.H.H.'s eligibility under the IDEA.

Plaintiffs then argue that the provision of remedial services through Response to Intervention (RTI) was given undue consideration by Judge Hawthorn for the period that D.H.H. was being evaluated for special education, which delayed or defeated her eligibility. After reviewing the Report and the record, it is clear that limited consideration was given to the provision of RTI, which is offered to all students. Instead, to determine D.H.H.'s eligibility, experts' reports utilizing multiple performance and assessment tools were used to ascertain whether D.H.H.

---

[1] Although the court must reach an independent conclusion based upon the preponderance of the evidence, the court must also give the SEHO's findings "due weight." *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993).

exhibited an emotional disturbance or a specific learning disability. Therefore, RTI was not given undue consideration like Plaintiffs allege.

Plaintiffs also argue that D.H.H.'s behavioral problems at home were not considered when evaluating whether she required special education for her emotional disturbance. Under the IDEA regulations,[2] a child must exhibit one or more characteristics of an emotional disturbance *to a marked degree that adversely affects the child's educational performance*. *See* 20 U.S.C. § 1415(i)(3)(B)(i); 34 C.F.R. § 300.8(c)(4) (emphasis added). Plaintiffs then incorrectly conclude that Judge Hawthorn "erred by finding that behavioral issues outside of school cannot be the basis for suspecting a child needs special education." Doc. No. 69, at 7. After examining the record, the undersigned finds that the conclusion that "D.H.H. exhibited *characteristics* of an emotional disturbance, [but that] these characteristics did not *adversely affect her educational performance to a marked degree*" is correct. Doc. No. 68, at 16 (emphasis in original). D.H.H.'s behavioral issues *both* in and out of school have been assessed, and D.H.H.'s characteristics of an emotional disturbance and any corresponding behavioral issues manifested inside or outside of school did not adversely affect her educational performance. D.H.H. consistently makes A's and B's, maintains friendships, and is liked by her teachers. Accordingly, her educational performance has not been adversely affected by the characteristics of her emotional disturbance, even the ones allegedly only seen at home.

---

[2] The regulations define the disability category of emotional disturbance as:
[A] condition exhibiting one or more of the following characteristics over a long period of time and *to a marked degree that adversely affects a child's educational performance*: (A) An inability to learn that cannot be explained by intellectual, sensory, or health factors; (B) An inability to build or maintain satisfactory interpersonal relationships with peers and teachers; (C) Inappropriate types of behavior or feelings under normal circumstances; (D) A general pervasive mood of unhappiness or depression; (E) A tendency to develop physical symptoms or fears associated with personal or school problems.
34 C.F.R. § 300.8(c)(4) (emphasis added).

Plaintiffs then point out that D.H.H.'s behavior caused her to be in disciplinary placement which adversely impacted her education. Her disciplinary record, however, is sporadic and not consistent enough to warrant any type of pattern. *See e.g.*, Doc. No. 44, at App. 27 (showing SEHO considered the disciplinary reports and disciplinary setting by finding "[w]hile she had behaviors during her junior high years, the record reflects that those behaviors were sporadic and had no consistent pattern."). Thus, there is sufficient evidence supporting the SEHO's conclusion and credibility determination regarding the parties' experts' reports and Judge Hawthorn's subsequent conclusion that D.H.H. is not eligible for special education services under the IDEA. D.H.H. does not exhibit any specific learning disabilities and the characteristics of her emotional disturbance do not adversely impact her educational performance to a marked degree, therefore she is not eligible for special education under the IDEA.

Second, Plaintiffs object that D.H.H.'s eighth-grade Section 504 and Title II ADA claims must proceed to trial because the incorrect standard was applied. Plaintiffs, however, only seek relief relating to the provision of a free appropriate public education (FAPE)—a remedy found under the IDEA. When a Section 504 or Title II ADA claim only relates to providing a FAPE, a school district satisfies its obligations under Section 504 and Title II of the ADA if it properly evaluates a student in accordance with the IDEA, unless the district engages in intentional discrimination. *See Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 992 (5th Cir. 2014). Intentional discrimination is characterized as acting in bad faith or displaying gross misjudgment. *D.A. ex. rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010).

As previously discussed, D.H.H.'s emotional disturbance does not qualify her for special education services and she does not exhibit a specific learning disability. Because D.H.H. is not

eligible under the IDEA for special education, and Plaintiffs' Section 504 and Title II ADA claims arise from the same factual content and seek the same relief as the IDEA claim, Plaintiffs have not successfully proven their claims. Further, there was no allegation of intentional discrimination. Accordingly, Plaintiffs did not successfully establish their Section 504 or Title II ADA claims—either pursuant to the IDEA or as independent causes of action.

Finally, Plaintiffs argue that they are entitled to attorneys' fees because the SEHO ordered KCISD to reimburse Plaintiffs with the cost of Dr. Simione's evaluation. Doc. No. 68, at 7–8. In order to be considered a prevailing party, a remedy must be obtained that alters the legal relationship between the school district and the handicapped child, and fosters the purposes of the IDEA. *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009). Accordingly, the party must prevail on "some significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Alief Indep. Sch. Dist. v. C.C. Ex Rel. Kenneth C.*, 713 F.3d 268, 270 (5th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

But, the cost of reimbursement for Dr. Simione's evaluation does not alter the legal relationship between KCISD and D.H.H., because reimbursement for Dr. Simione's evaluation was not the relief Plaintiffs sought. Plaintiffs further argue that requiring a school district to comply with its duties under the IDEA fosters the purposes of the IDEA. Doc. No. 69, at 8. Yet, as Plaintiffs point out "[t]he Simione report fulfilled Defendant KCISD's duty" by conducting a classroom observation. Doc. No. 69, at 8. Because Plaintiffs are not prevailing parties under the IDEA, their request for attorneys' fees is denied.

It is, therefore, **ORDERED** that Plaintiffs' objections (Doc. No. 69) are **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. No. 68) is **ADOPTED**, and Plaintiffs' "Motion for Summary Judgment" is **DENIED** (Doc. No. 44), and Defendant's "Motion for

Summary Judgment" is **GRANTED**.  Doc. No. 45.  Any other pending motion is denied as moot.

SIGNED at Beaumont, Texas, this 27th day of August, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE