| | |
|---|---|
| D H H, A MINOR STUDENT WITH DISABILITIES, BY AND WITH AND THROUGH HER PARENT/GUARDIAN/NEXT FRIEND ROB ANNA H; AND ROB ANNA H., PARENT/GUARDIAN/NEXT FRIEND TO D.H.H., A MINOR STUDENT WITH DISABILITIES;<br>    Plaintiffs,<br><br>*versus*<br><br>KIRBYVILLE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,<br>    Defendant. | § § § § § § § § § § § § § § § § | CASE NO. 1:18-CV-00120-MAC |

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. On August 27, 2019, the court adopted Judge Hawthorn's Report and Recommendation (Doc. No. 68) and denied Plaintiffs D.H.H., a minor student with disabilities, and her parent/guardian/next friend Rob-Anna H.'s (collectively, "Plaintiffs") "Motion for Summary Judgment" (Doc. No. 44) and granted Defendant Kirbyville Consolidated Independent School District's ("KCISD") "Motion for Summary Judgment" (Doc. No. 45). Doc. No. 71. On September 30, 2019, Plaintiffs filed "[Rule 52(b)] Motion to Amend Judgment and Include Additional Findings of Fact and Brief in Support" (Doc. No. 73) and "Rule 59(e) Motion to Alter or Amend Judgment and Brief in Support" (Doc. No. 74). Judge Hawthorn entered a

report which recommended denying Plaintiffs' Rule 52(b) (Doc. No. 73) and Rule 59(e) (Doc. No. 74) motions. Doc. No. 76. Plaintiffs timely filed objections to the report. Doc. No. 79.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiffs raise objections to Judge Hawthorn's conclusions regarding Plaintiffs' Rule 52(b) and 59(e) motions. First, Plaintiffs object to the conclusion that a Rule 52(b) motion is improper as the court has not issued factual findings following a trial.[1] Doc. No. 79, p. 2-3. *See* Doc. No. 76, p. 3. Plaintiffs assert that trials involving Section 504 claims are rarely held at the Federal District Court level and, therefore, that Plaintiffs are being unfairly denied relief under Rule 52(b). Doc. No. 79, p. 2-3. However, Plaintiffs provide no Fifth Circuit rulings to support their position. *See* Doc. No. 79, p. 2-3. Furthermore, the number of trials and judgments on the merits involving such claims is irrelevant to whether such a judgment has been entered in this case. Therefore, Plaintiffs' Rule 52(b) motion is improper.

Second, Plaintiffs object to conclusions regarding D.H.H.'s IDEA and Section 504 claims. Doc. No. 49, p. 4-6. The Supreme Court has "not read [Section] 504 as creating general tort liability for educational malpractice because the Supreme Court in interpreting the IDEA has

---

[1] Additionally, plaintiffs misconstrue Judge Hawthorn's report, which never stated that a child bringing IDEA and Section 504 claims cannot have a trial. Doc. No. 79, p. 3.

warned against a court's substitution of its own judgment for educational decisions made by state officials." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010)(internal quotations omitted). Because D.H.H.'s eighth-grade Section 504 or Title II ADA claims only relate to providing a FAPE, KCISD satisfies its obligations under Section 504 and Title II of the ADA if it properly evaluates a student in accordance with the IDEA, unless KCISD engages in intentional discrimination. *See Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 992 (5th Cir. 2014). Intentional discrimination, characterized as bad faith or gross misjudgment, must be shown in order to state a cause of action under Section 504. *D.A. ex rel. Latasha A.*, 629 F.3d at 454. *See also Monahan v. State of Neb.*, 687 F.2d 1164, 1171 (8th Cir. 1982).

KCISD properly evaluated D.H.H. in accordance with the IDEA, and the Section 504 and Title II ADA claims arise from the same factual content and seek the same relief as the IDEA claims. Thus, because the Plaintiffs have not shown intentional discrimination, Plaintiffs' Section 504 and Title II ADA claims must fail. Accordingly, Plaintiffs' objections to the court's dismissal of D.H.H.'s Section 504 or Title II ADA claims are overruled.

It is, therefore, **ORDERED** that Plaintiffs' objections (Doc. No. 79) are **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. No. 76) is **ADOPTED**, and Plaintiffs' "[Rule 52(b)] Motion to Amend Judgment and Include Additional Findings of Fact and Brief in Support" (Doc. No. 73) and "Rule 59(e) Motion to Alter or Amend Judgment and Brief in Support" (Doc. No. 74) are **DENIED**. Any other pending motions are denied as moot.

SIGNED at Beaumont, Texas, this 1st day of April, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE